a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GARRETT DEGLANDON, Plaintiff | CIVIL DOCKET NO. 1:25-CV-00465 |
| VERSUS | JUDGE EDWARDS |
| RASALLEN MANAGEMENT CORP, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### MEMORANDUM ORDER

Before the Court is a Motion to Compel Discovery Responses filed by Plaintiff Garrett Deglandon ('Deglandon'). ECF No. 33. Defendant Rasallen Management Corporation ('Rasallen') filed an opposition to which Deglandon replied. ECF Nos. 38 & 39.

**IT IS ORDERED** that Deglandon's Motion to Compel Discovery Responses is **GRANTED IN PART** and **DENIED IN PART**.

Because Deglandon has not shown his Interrogatories, Requests for Production, and Requests for Admission Nos. 1, 3, 6, and 11 seek information that is relevant to the action or will lead to the discovery of admissible evidence, his motion is **DENIED** to the extent he moves the Court to compel responses to those discovery requests.

Because Deglandon has shown Request for Admission No. 9 seeks relevant information, his motion is **GRANTED** to the extent he moves the Court to compel a

response to that request.  Rasallen is **ORDERED** to provide a response to this request within **thirty days**.

Because Rasallen's nondisclosure was justified and/or other circumstances make an award of expenses unjust, Deglandon's motion is **DENIED** to the extent he seeks reasonable costs and/or sanctions under Federal Rule of Civil Procedure 37.

### I. Background

On March 5, 2025, Deglandon filed a petition in the 12th Judicial District Court of Avoyelles Parish, Louisiana, asserting breach of contract claims.  ECF No. 1-2.  Rasallen subsequently removed the case to this Court.  ECF Nos. 1 & 10.  On May 12, 2025, Deglandon served his discovery requests.  ECF Nos. 33 at 1 & 33-1 at 1-8.  On June 11, 2025, Rasallen produced its discovery responses.  ECF No. 33-1 at 9-12.

On June 13, 2025, the parties participated in a Rule 37.1 conference to discuss the alleged deficiencies in Rasallen's responses.  ECF Nos. 33 at 1 & 38 at 1.  Rasallen requested a two-week extension to answer the outstanding discovery, but Deglandon rejected the proposed extension.  ECF Nos. 33 at 1, 33-3 at 13, & 38 at 1.  Deglandon gave Rasallen until June 16, 2025, by 12:00p.m. to resolve the alleged deficiencies.  ECF Nos. 33 at 1, 33-3 at 13,& 38 at 1.  After Rasallen failed to produce its discovery responses by that deadline, Deglandon filed the instant Motion to Compel Discovery Responses.  ECF No. 33.

Deglandon moves the Court to compel Rasallen "to serve full and complete responses to all outstanding Interrogatories and Requests for Production of Documents," to "[o]verrule [Rasallen's] objections" to Requests for Admissions 1, 3, 6,

9, and 11 and "deem them admitted," to "[a]ward [Deglandon] reasonable costs and sanctions," and to "[g]rant any other relief deemed just and proper." *Id.* at 2. Rasallen responds that the motion should be denied because of Deglandon's "failure to make a good faith attempt to resolve the dispute without the Court's involvement, and due to the objectionable nature of many of his discovery requests." ECF No. 38 at 2.

## II.    Law and Analysis

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery. It provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 37 allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Van Dyke v. Retzlaff*, No. 4:18-CV-247, 2020 WL 1866075, at *1 (E.D. Tex. Apr. 14, 2020). "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted." *Id.*

Rule 37 of the Federal Rules of Civil Procedure mandates that a movant's motion to compel "include a certification that the movant has in good faith conferred

or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).  Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel.  *See Dean v. Akal Security, Inc.*, 2019 WL 1549017, at *3 (W.D. La. 2019) (citing *Cottonham v. Allen*, 2016 WL 4035331, at *2 (M.D. La. 2016); *Shaw Group Inc. v. Zurich American Insurance Co.*, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014)).

In the case at bar, the Court finds the parties attempted in good faith to resolve this dispute.  After Deglandon received purportedly insufficient discovery responses, he contacted Rasallen.  The parties participated in a conference, and Deglandon agreed to a short extension.  That Deglandon did not accept Rasallen's proposed two-week extension does not mean he failed to act in good faith.  Further, given Deglandon's *pro se* status, his failure to attach a formal Rule 37.1 certification to his motion is not dispositive in this Court's purview.  Accordingly, the Court finds the parties conferred in good faith and turns now to the merits of Deglandon's motion.

As explained *supra*, Deglandon bears the initial burden of demonstrating the requested information is "relevant to the action or will lead to the discovery of admissible evidence."  *Van Dyke*, 2020 WL 1866075, at *1.  Here, Deglandon only offers a relevancy argument regarding Requests for Admission Nos. 6 and 9.  He does not show his other discovery requests are relevant or will lead to the discovery of admissible evidence.  The Court will not make those arguments on Deglandon's behalf.  Because Deglandon has not shown these requests seek information that is

relevant or will lead to the discovery of admissible evidence, his motion is **DENIED** to the extent he moves to compel responses to his Interrogatories, Requests for Production, and Requests for Admission Nos. 1, 3, and 11.

With respect to Request for Admission No. 6, the Court agrees with Rasallen that this request, as written, does not appear to be relevant or likely to lead to the discovery of admissible evidence. Request for Admission No. 6 asks Rasallen to admit that it "communicated with Cassandra Patrick regarding Plaintiff's funding." ECF No. 33-1 at 10. Rasallen objected to this request as "neither relevant nor proportional to the needs of the case." *Id.* Deglandon responds this request is relevant because of the "direct text message from Cassandra Patrick confirming her access to Plaintiff's $5,000 contribution." ECF No. 33 at 2. However, Cassandra Patrick is not a party to this action, and Deglandon has not explained how any communication with her is relevant to this matter. Accordingly, Deglandon's motion is denied to the extent he moves to compel Rasallen to respond to Request for Admission No. 6.

Finally, Request for Admission No. 9 asks Rasallen to admit it "is financially capable of paying $133,000 to Plaintiff but has refused to do so." ECF No. 33-1 at 11. Rasallen objected to this request as "neither relevant nor proportional to the needs of the case." *Id.* Deglandon responds that this request is relevant to show Rasallen's "ability to cure the breach." ECF No. 33 at 2. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party. . . ." *Enron Corporation Savings Plan*, 258 F.R.D. 149, 159 (S.D. Tex. 2009) (citing *Merrill*

*v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)). Such is the case here. Rasallen's financial ability (or inability) to pay the $133,000.00 allegedly owed appears relevant, especially considering representations made in Rasallen's proposed third-party complaint. *See e.g.* ECF No. 47-1 at 4 ("Due to the actions of Thompson and TIA, Rasallen was unable to provide a credit line in the amount of $133,000 to Garrett Deglandon . . . ."). Accordingly, Deglandon's motion is **GRANTED** to the extent he seeks a response to Request for Admission No. 9, and Rasallen is ordered to provide a response to this request within **thirty days.**

Deglandon has additionally moved the Court for an award of expenses. Federal Rule of Civil Procedure 37(a)(5)(A) does allow a court to award reasonable expenses to the prevailing party on a motion to compel. However, payment may not be awarded if "the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii). Here, the Court finds Rasallen's nondisclosure was justified and/or other circumstances make an award of expenses to Deglandon unjust. Therefore, the Court declines to award Deglandon the reasonable expenses he may have incurred in the filing of this motion, and his motion is **DENIED** to the extent he seeks such relief.

### III. Conclusion

**IT IS ORDERED** that Deglandon's Motion to Compel Discovery Responses is **GRANTED IN PART** and **DENIED IN PART**.

Because Deglandon has not shown his Interrogatories, Requests for Production, and Requests for Admission Nos. 1, 3, 6, and 11 seek information that is relevant to the action or will lead to the discovery of admissible evidence, his motion is **DENIED** to the extent he moves the Court to compel responses to those discovery requests.

Because Deglandon has shown Request for Admission No. 9 seeks relevant information, his motion is **GRANTED** to the extent he moves the Court to compel a response to that request. Rasallen is **ORDERED** to provide a response to this request within **thirty days.**

Because Rasallen's nondisclosure was justified and/or other circumstances make an award of expenses unjust, Deglandon's motion is **DENIED** to the extent he seeks reasonable costs and/or sanctions under Federal Rule of Civil Procedure 37.

SIGNED on Thursday, February 5, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE