a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **GARRETT DEGLANDON,** Plaintiff | **CIVIL DOCKET NO. 1:25-CV-00465** |
| **VERSUS** | **JUDGE EDWARDS** |
| **RASALLEN MANAGEMENT CORP,** Defendants | **MAGISTRATE JUDGE PEREZ-MONTES** |

### MEMORANDUM ORDER

Before the Court is a Motion for Leave to File Third-Party Complaint filed by Defendant Rasallen Management Corporation ('Rasallen'). ECF No. 47. Plaintiff Garrett Deglandon ('Deglandon') has not indicated whether he opposes this motion.

Because the balance of factors supports allowing impleader, Rasallen's Motion for Leave to File Third-Party Complaint is **GRANTED**. **IT IS ORDERED** that the Clerk of Court file the proposed third-party complaint (ECF No. 47-1) into the record and deem it filed as of August 28, 2025.

I. Background

On March 5, 2025, Deglandon filed a petition in the 12th Judicial District Court of Avoyelles Parish, Louisiana, asserting breach of contract claims. ECF No. 1-2. Rasallen subsequently removed the case to this Court. ECF Nos. 1 & 10. On August 28, 2025, Rasallen filed the instant Motion for Leave to File Third-Party Complaint. ECF No. 47.

Rasallen moves to assert a third-party complaint against Data Furnishing Technologies LLC d/b/a The Income Agency ('TIA') and Cameron Thompson ('Thompson'), an agent of TIA, for indemnification, breach of contract, and fraudulent misrepresentation. ECF No. 42. Rasallen argues that granting leave to file this third-party complaint "will promote judicial efficiency by resolving related claims in a single proceeding." *Id.* at 2. Deglandon has not indicated he opposes this motion.

This matter is now ripe for disposition.

## II.  Law and Analysis

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). A defendant must show a "basis for the third-party defendant's liability to the defendant (also known as the third-party plaintiff)." *McCain v. Clearview Dodge Sales, Inc.*, 574 F.2d 848, 849-50 (5th Cir. 1978). "Impleader under Rule 14 is only proper 'when a right to relief exists under the applicable substantive law . . . .'" *Wright v. City of Tallulah*, 2014 WL 1788711, at *2 (W.D. La. 2014) (quoting *Martco Ltd. P'ship v.. Bruks Inc.*, 430 Fed. App'x 332, 336 (5th Cir.2011)). "[I]mpleader has been successfully utilized when the basis of the third-party claim is indemnity, subrogation, contribution, express or implied warranty, or some other theory." *Martco Ltd. P'ship*, 430 Fed. App'x at 335–36 (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1446, at 415–21 (3d ed.2010)).

Generally, a defendant may implead a third party without leave of court within fourteen days after serving its main answer. Fed. R. Civ. P. 14(a)(1). "[O]therwise, leave of court must be obtained. District courts have 'wide discretion' to determine if leave of court should, or should not, be granted." *Scarborough v. Integricert, LLC*, 2016 WL 8261711, at *1 (W.D. La. June 28, 2016) (citing *McDonald v. Union Carbide Corp.*, 734 F.2d 182, 184 (5th Cir. 1984)); *see also* Fed. R. Civ. P. 14(a)(1). In exercising this wide discretion, the Court considers several factors, including "(1) prejudice placed on the other parties; (2) undue delay by the party asserting the third-party complaint; (3) lack of substance to the third-party claim; (4) whether the third party demand will advance the purposes of Rule 14 (such as avoiding duplicative suits on closely related issues); and (5) whether the action will become unduly complex by permitting the third-party demand." *Scarborough*, 2016 WL 8261711, at *1 (citing *Marquette v. Southern Fidelity Ins. Co.*, 2015 WL 5083617, *1 (E.D. La. 2015)).

At the outset, the Court must determine whether Rasallen's proposed third-party complaint falls within the scope of Rule 14(a). Rasallen wishes to assert indemnification, breach of contract, and fraudulent misrepresentation claims against TIA and Thompson. ECF No. 47-1. Rasallen alleges its president entered into a contract with TIA under which TIA "agreed to provide a variety of services." *Id.* at 2-3. Rasallen paid TIA, but TIA allegedly failed to provide those services. *Id.* at 3. Rasallen alleges Thompson's and TIA's actions prevented it from "provid[ing] a credit line . . . to [] Deglandon under the Memorandum of Understanding between Rasallen and [] Deglandon, and which line of credit is currently the basis of Deglandon's

3

lawsuit against Rasallen." *Id.* at 4.  Rasallen seeks indemnification should it be found liable to Deglandon as well as damages in the amount of the payment it made to TIA, costs, attorney's fees, and damages incurred because of Deglandon's lawsuit. *Id.*

Rasallen's proposed third-party complaint falls within the scope of Rule 14(a). Rasallen's third-party claims against TIA and Thompson are dependent on Deglandon's claims against Rasallen.  That is, Rasallen couches those claims in terms of its alleged inability to perform the Memorandum of Understanding it entered into with Deglandon.  Thus, if Deglandon cannot establish Rasallen's liability, Rasallen will not be able to establish that TIA's and Thompson's actions induced any breach of a contract with Deglandon or that it detrimentally relied on TIA's and Thompson's statements.  Accordingly, Rasallen's proposed third-party complaint properly falls within the scope of Rule 14(a).

The Court further finds the balance of the impleader factors enumerated *supra* supports impleader.  To begin, less than a year has passed since Deglandon's petition was removed to this Court.  This matter is currently set for a scheduling conference to determine pretrial deadlines, including a discovery deadline, and a trial date.  ECF No. 61.  Under this procedural posture, permitting Rasallen's third-party complaint would not unduly delay this matter.  Nor would Deglandon be prejudiced by allowing the third-party complaint.  Discovery is ongoing.  And, while Deglandon filed a motion for summary judgment, the proposed third-party complaint does not seem to affect the disposition of that motion.  Deglandon also cites to and relies on the proposed

4

third-party complaint in his motion for summary judgment, *see* ECF No. 49 at 4, which suggests he would not be prejudiced.

Further, at this juncture, Rasallen's third-party claims do not appear to lack substance and allowing such claims would advance the purposes of Rule 14. Specifically, resolving all these claims in a single trial will conserve judicial resources and allow the same factfinder to address closely-related issues. Finally, any complexity that may arise from the introduction of the third-party complaint is outweighed by the other factors. While the factfinder may need to consider an additional contract and facts related to the performance of that contract, the benefits of addressing each claim in the same trial outweigh that potential complexity. The Court thus finds that the factors weigh in favor of impleader.

### III. Conclusion

Because the balance of factors supports impleader, Rasallen's Motion for Leave to File Third-Party Complaint is **GRANTED**. **IT IS ORDERED** that the Clerk of Court file the proposed third-party complaint (ECF No. 47-1) into the record and deem it filed as of August 28, 2025.

SIGNED on Friday, February 6, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE